**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK DONAHUE, | CIVIL ACTION NO. 10-2942 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| VERTIS, INC., et al., | |
| Defendants. | |

**THE PLAINTIFF** bringing this action against the defendants, Vertis, Inc. ("VTI"), USA Direct, LLC ("UDLLC"), Reel Direct, Inc. ("RDI"), and Richard Osbourne, to recover damages for, inter alia, breach of contract (dkt. entry no. 1, Compl.; dkt. entry no. 10, Am. Compl.); and the plaintiff alleging that (1) he was employed by USA Direct, Inc., which Osbourne ran, (2) he "brought in" VTI as a client, (3) USA Direct, Inc., "was acquired by [UDLLC], which is a subsidiary of [VTI]", (4) Osbourne now runs RDI, and (5) all of the defendants conspired to deprive him of the commissions owed for bringing in VTI as a client (see Am. Compl. at 2-5); and

**VTI AND UDLLC** now bringing proceedings for relief under Chapter 11 of the Bankruptcy Code ("Bankruptcy Actions") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") (see dkt. entry no. 45, Bankr. Notice; dkt. entry no. 48, Order), see Pet., In re Vertis Holdings, Inc., No. 10-16170 (Bankr. S.D.N.Y. Nov. 17, 2010), ECF No. 1; Pet., In

re Webcraft, LLC, No. 10-16173 (Bankr. S.D.N.Y. Nov. 17, 2010), ECF No. 1 (listing "USA Direct, Inc." and "USA Direct, LLC" as names used by debtor); and

**IT APPEARING** that an action is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy", Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted); see In re Combustion Eng'g, 391 F.3d 190, 226 (3d Cir. 2004); and it appearing that the action need not be against only the debtor to be "related to" bankruptcy, Pacor, 743 F.2d at 994; and it appearing that an "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate", id.; see In re Combustion Eng'g, 391 F.3d at 226;[1] and

---

[1] "The Supreme Court effectively has overruled Pacor with respect to its holding that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124 . . . (1995). But Things Remembered does not disturb the authority of Pacor on the points for which we cite it. In fact, the Pacor test has been enormously influential as a cogent analytical framework relied upon by our sister circuits more than any other case in this area of the law." In re Resorts Int'l, 372 F.3d 154, 164 n.6 (3d Cir. 2004) (internal quotes and citation omitted).

**THE COURT** noting that a district court "may transfer a case or proceeding under title 11 to a district court for another district", 28 U.S.C. § 1412; see 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (stating district court should transfer claim to proper district court, and claim is then referred to bankruptcy court overseeing bankruptcy case); Abrams v. Gen. Nutrition Cos., No. 06-1820, 2006 WL 2739642, at *8 (D.N.J. Sept. 25, 2006) (finding Section 1412 applies to transfer of action "related to" bankruptcy case); and it appearing that the forum where the bankruptcy case is pending is the proper venue for an action "related to" that bankruptcy case, Abrams, 2006 WL 2739642, at *9; and

**THE COURT** concluding that this action is related to the Bankruptcy Actions, as (1) the outcome here could affect the estates being administered in the Bankruptcy Actions, and (2) the claims against VTI, UDLLC, RDI, and Osbourne are intertwined, see Pacor, 743 F.2d at 994; and the Court finding that the Southern District of New York is the proper forum since this action is related to the Bankruptcy Actions, see 28 U.S.C. § 1412; Abrams, 2006 WL 2739642, at *9; and the Court thus intending to transfer this action to the United States District Court for the Southern

3

District of New York;[2] and for good cause appearing, the Court will issue an appropriate order.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:   December 20, 2010

---

[2] The Court assumes that the transferee district court will refer this action to the Bankruptcy Court. See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").  The extent of the Bankruptcy Court's authority over this action depends on whether it is (1) a "core proceeding" or (2) a "non-core proceeding" otherwise related to a case under title 11.  28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceedings); 28 U.S.C. § 157(c)(1) (stating bankruptcy court submits proposed findings of fact and conclusions of law to district court in non-core proceedings, and final order will be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  The Bankruptcy Court will determine whether this action is a core proceeding or related-to proceeding.  See 28 U.S.C. § 157(b)(3); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same).